# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:13-cr-00009-MR-DLH-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **CIPRIANO RAMOS ALTAMIRANO.** | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to file a late notice of appeal [Doc. 418].

The Defendant was sentenced on October 23, 2014 to a term of 135 months' imprisonment. [Doc. 370]. Judgment was entered on October 27, 2014. [Id.]. No appeal was filed from that Judgment.

On February 11, 2015, the Court received the present letter from the Defendant. [Doc. 418]. In his letter, the Defendant claims that "the lawyer who [assisted] me at my Sentencing Hearing told me that *he* was going to file a Notice of Appeal on my behalf." [Id. at 1 (emphasis added)].[1] The Defendant states, however, that he has not received anything from the Court regarding his appeal. The Defendant asks that in the event that an

---

[1] The Defendant was represented by Assistant Federal Defender Fredilyn Sison at sentencing.

appeal was not filed that "this Notice" be forwarded to the Court of Appeals. He also requests that counsel be appointed to represent him on appeal. [Id. at 2].

Federal Rule of Appellate Procedure 4(b) provides that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after . . .the entry of ... the judgment … being appealed[.]" Fed. R. App. P. 4(b)(1)(A)(i). The Defendant's notice of appeal of the Court's Judgment therefore should have been filed on or before November 10, 2014, 14 days after the entry of Judgment on October 27, 2014. See id.

Rule 4 also provides, in pertinent part, as follows:

> Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). Other than as provided in Rule 4(b)(4), this Court may not enlarge the time for filing an appeal. United States v. Stockton, 240 F. App'x 601, 601 (4th Cir. 2007) (per curiam).

Pursuant to Rule 4(b)(4), the Defendant's time to file an appeal could not have been extended any later than December 10, 2014. Because the Defendant's present request was filed well outside of this 30-day window,

the Court must deny his motion.  See United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991) (noting that the time periods contained within Rule 4(b) are "mandatory and jurisdictional").  Accordingly, the Defendant's request to file a late notice of appeal must be denied.  The Defendant's request for the appointment of appellate counsel is therefore denied as moot.

Finally, the Defendant requests copies of the following documents: "a docket sheet of my case"; "a copy of the Plea Agreement"; and "a copy of the Indictment."  [Doc. 418 at 2].  While the Court will direct the Clerk of Court to provide the Defendant with copies of the docket sheet and the Bill of Indictment, the Court notes that the Defendant was found guilty by a jury and as such, there was no plea agreement in this case.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for leave to file a late notice of appeal [Doc. 418] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send copies of the docket sheet and the Bill of Indictment to the Defendant.

**IT IS SO ORDERED**.

Signed: February 16, 2015

Martin Reidinger
United States District Judge